**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-29 C

**FILED**

(Filed: August 7, 2013)

AUG -7 2013

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| PAUL MICHELOTTI, ) | |
| ) | Pro Se Complaint Challenging |
| Plaintiff, ) | Government Safety Standard |
| ) | Prohibiting Enhanced Brake Light |
| v. ) | Systems; Motion to Dismiss for Lack |
| ) | of Jurisdiction; Motion to Amend |
| THE UNITED STATES, ) | the Complaint |
| ) | |
| Defendant. ) | |
| ) | |

Paul Michelotti, Boca Raton, FL, pro se.

Sonia M. Orfield, Trial Attorney, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

HEWITT, Chief Judge

Plaintiff Paul Michelotti (plaintiff or Mr. Michelotti) brings this suit alleging that the United States (defendant or the government), acting through the National Highway Traffic Safety Administration of the Department of Transportation (the National Highway Traffic Safety Administration or the agency), has "exceed[ed] the authority granted to it under the Highway Safety Act of 1970" by prohibiting enhanced brake light systems. See Compl., Docket Number (Dkt. No.) 1, ¶¶ 9, 16.[1] Plaintiff argues that the agency's prohibition on enhanced brake light systems "den[ies] a potentially life-saving automobile safety system to the American People" and "improperly interfer[es] with the design and development of intelligent vehicle technology." See id. ¶¶ 2-3. Further, plaintiff alleges that, as the owner of a patent for an automatic automobile hazard warning light system prohibited by current government safety standards, he has been

---

[1] The Complaint consists of five pages containing numbered paragraphs and, on page five, a prayer for relief. See generally Compl., Docket Number 1. The court cites the numbered paragraphs by paragraph number and the prayer for relief by page number.

denied "the rights and benefits of intellectual property ownership" to which he is entitled under applicable patent laws. See id. ¶ 3, 5. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction. See generally Def.'s Mot. to Dismiss for Lack of Jurisdiction (defendant's Motion or Def.'s Mot.), Dkt. No. 6, filed April 5, 2013.

Before the court, in addition to the Complaint and defendant's Motion, are: Plaintiff's Response to Motion for Dismissal (plaintiff's Response or Pl.'s Resp.), Dkt. No. 8, filed April 23, 2013, and Defendant's Reply in Support of Its Motion to Dismiss for Lack of Jurisdiction (Def.'s Reply), Dkt. No. 9, filed May 1, 2013. Plaintiff has also filed Plaintiff's Motion to Amend Complaint (plaintiff's Motion or Pl.'s Mot.), Dkt. No. 10, filed May 15, 2013.

For the following reasons, defendant's Motion is GRANTED and plaintiff's Motion is DENIED.

I. Background

Mr. Michelotti holds U.S. Patent 6,023,221 (the '221 patent) for an automatic system to activate automobile hazard warning lights, which he was awarded on February 8, 2000. Compl. ¶ 5. Mr. Michelotti and the National Highway Traffic Safety Administration corresponded about the '221 patent in 2000 and 2001, and, on February 15, 2001, the then Acting Chief Counsel of the agency informed Mr. Michelotti that applicable federal safety standards required all vehicles to have a driver-controlled hazard warning signal unit--as distinguished from an automatic one, such as the system covered by the '221 patent. See id. ¶ 7. Over ten years later, in April 2012, Mr. Michelotti again contacted the National Highway Traffic Safety Administration, "imploring the agency to reconsider their prohibition against enhanced brake lighting systems." Id. ¶ 9.

On July 6, 2012 Mr. Michelotti contacted United States Senator Bill Nelson (Senator Nelson), requesting his assistance in ending the requirement for driver-controlled hazard warning lights. See id. ¶ 10. According to plaintiff, the National Highway Traffic Safety Administration wrote to Senator Nelson on August 6, 2012, explaining that the agency was "not aware of any data to support [Mr. Michelotti's] statement" that, outside the United States, automatic hazard warning light systems were preventing accidents. Id. ¶ 11 (internal quotation marks omitted). Plaintiff states that the agency further explained to Senator Nelson that, owing to the lack of supporting data, it was not "pursuing a modification to [its] standard" requiring driver-controlled hazard lights. Id. (internal quotation marks omitted). Plaintiff contends that the agency's August 6, 2012 letter to Senator Nelson does not accurately reflect an internal study by the agency that "establish[ed] and quantif[ied] improvements in driver reaction times resulting from enhanced brake lighting systems." Id. ¶ 15; see also Pl.'s Resp. 3 (asserting that the agency "conducted eleven studies relating to 'Enhanced Rear Lighting and Signaling' between the years 2002 and 2010" and "that the majority of these studies

conclude that enhanced brake lighting systems may have significant value in reducing the frequency and severity of rear-end collisions").

On November 28, 2012 Mr. Michelotti again contacted the National Highway Traffic Safety Administration, requesting to know whether the standards had been changed because, according to plaintiff, "Volvo Cars of North America was marketing an enhanced brake lighting system in the United States." Compl. ¶ 12. On December 12, 2012 Mr. Michelotti inquired about the status of his November 28, 2012 request and "implor[ed] [the agency] to inform other manufacturers if the prohibition against enhanced brake lighting systems had been rescinded." Id. ¶ 13.

Plaintiff filed suit in this court on January 14, 2013. See generally Compl. Plaintiff requests that the court "rescind the . . . prohibition against enhanced brake lighting systems" unless the National Highway Traffic Safety Administration can "provide substantive evidence or proof that enhanced brake lighting systems . . . increase crash risk." Id. at 5 (internal quotation marks omitted). And, if the prohibition is rescinded, plaintiff also requests that the court order the United States Patent and Trademark Office to extend the '221 patent "for a period of time commensurate with time lost as a result of the . . . prohibition." Id.

II. Legal Standards

    A. Jurisdiction

The United States Court of Federal Claims (Court of Federal Claims) is a court of limited jurisdiction that, pursuant to the Tucker Act, may hear "any claim against the United States founded . . . upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). Therefore, a plaintiff must satisfy the court that "'a separate source of substantive law . . . creates the right to money damages.'" Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

The court's six-year statute of limitations, a condition on the Tucker Act's waiver of sovereign immunity, further limits the court's jurisdiction. Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc). The statute of limitations provides that claims over which the Court of Federal Claims would otherwise have jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Because the statute of limitations in this court is jurisdictional, Martinez, 333 F.3d at 1316, it cannot be waived, see John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134-35 (2008) (noting the "absolute nature" of the "jurisdictional" limitations statute for this court (internal quotation marks omitted)).

3

In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), the court must accept as true all undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). The burden is on the plaintiff to show jurisdiction by a preponderance of the evidence. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002). Pro se plaintiffs, although "[held] to less stringent standards than . . . lawyers," see Haines v. Kerner, 404 U.S. 519, 520 (1972), must nonetheless meet basic jurisdictional requirements, Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987); see Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures . . . ."). If the court determines that it does not have jurisdiction, it must dismiss the claim. See RCFC 12(h)(3).

B. Transfer to Another Court

When the court dismisses a case for lack of jurisdiction, it has an obligation to determine whether transfer to another court that may have jurisdiction over the claims is appropriate. See 28 U.S.C. § 1631 (stating that "the court shall, if it is in the interest of justice, transfer [a case over which it lacks jurisdiction] to any other such court in which the [case] could have been brought at the time it was filed or noticed"); Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1375 (Fed. Cir. 2005) (recognizing "the statutory requirement that transfer be considered to cure jurisdictional defects"); see also 28 U.S.C. § 601 (defining "courts" to which transfer is permissible).

III. Discussion

A. Motion to Amend the Complaint

The court shall "freely give leave [to amend the pleadings] when justice so requires." RCFC 15(a)(2). As a pro se plaintiff, Mr. Michelotti is entitled to "leniency with respect to mere formalities." Cf. Kelley, 812 F.2d at 1380. However, the court may not "take a liberal view of [a] jurisdictional requirement," even with respect to pro se litigants. Id.

In plaintiff's Motion, Mr. Michelotti requests to amend the Complaint to add a claim for patent infringement and alleged damages in the amount of $10,100 because, according to plaintiff, on January 30, 2006 the agency, "granted permission to Mercedes Benz[, U.S.A. LLC (Mercedes Benz)] to market an enhanced brake lighting system in the United States, on a limited basis, without first gaining license from the patentee" and, in doing so, "participated in an infringement of Plaintiff's patent." Pl.'s Mot. 1-2; see also Pl.'s Mot. Ex. (Mercedes-Benz, U.S.A. LLC, 75 Fed. Reg. 28,674 (Dep't of Transp. May

4

21, 2010) (denial of appl. for renewal of temporary exemption)) 1-2 (describing activities of Mercedes Benz under temporary exemption allowing for sale of vehicles with flashing brake lights). Plaintiff appears to conclude that the enhanced brake light system marketed by Mercedes Benz is similar enough to the system covered by plaintiff's patent to infringe on it because, although plaintiff's patent describes a system for controlling hazard lights, not brake lights, plaintiff's product "may control any vehicle light system for warning following vehicles." Pl.'s Mot. 1-2 (internal quotation marks omitted).

As the court observed in its Order of May 16, 2013, defendant's Motion had been fully briefed when plaintiff filed its Motion, and plaintiff's Motion failed to identify "any money-mandating source that would potentially provide a basis for the requested recovery." Order of May 16, 2013, Dkt. No. 11; cf. supra Part II.A (discussing this court's jurisdiction and the requirement of a money-mandating provision). To the extent that plaintiff relies on patent laws, generally, in support of his proposed patent infringement claim, see Pl.'s Mot. 2 ("Plaintiff respectfully submits that [the agency] has participated in an infringement of Plaintiff's patent . . . ."); Compl. ¶ 3 (alleging that the agency has violated plaintiff's rights "as set forth under United States patent laws 35 U.S.C. § 1 et seq."), the court notes that jurisdiction over a claim against the government requires a waiver of sovereign immunity, see United States v. Testan, 424 U.S. 392, 399 (1976) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (omission in original) (internal quotation marks omitted)). With respect to a patent infringement claim against the government, that waiver is provided in money-mandating 28 U.S.C. § 1498, which provides "for the recovery of [a plaintiff's] reasonable and entire compensation for [the] use and manufacture" by or for the United States, without license or other lawful right, of an invention for which the plaintiff holds a United States patent. See 28 U.S.C. § 1498(a). Although plaintiff's Motion alleges that the agency has "participated in an infringement of Plaintiff's patent," Pl.'s Mot. 2, nowhere does plaintiff invoke 28 U.S.C. § 1498(a) or any other money-mandating source that would bring a patent infringement claim against the agency within this court's jurisdiction.

Moreover, plaintiff's proposed patent infringement claim is based on the agency's action in January 2006, when it granted an exception to Mercedes Benz with respect to the prohibition on enhanced brake light systems. See id. at 1 (asserting that, "[o]n January 30, 2006, [the agency] granted permission to Mercedes Benz to market an enhanced brake lighting system in the United States, on a limited basis, without first gaining license from the patentee to do so"). This is problematic for two reasons. As an initial matter, the factual basis for plaintiff's proposed infringement claim appears to be the agency's granting of the exception to Mercedes Benz, see id.; plaintiff does not allege that defendant actually used or manufactured the invention covered by plaintiff's patent, cf. 28 U.S.C. § 1498(a) (providing for "recovery of [a plaintiff's] reasonable and entire compensation for [the] use and manufacture" by or for the United States, without license

or other lawful right, of an invention for which the plaintiff holds a United States patent). Therefore, plaintiff's proposed amendment to his Complaint would not appear to support a patent infringement claim against the government because plaintiff has not alleged facts that would bring plaintiff's claim within the scope of 28 U.S.C. § 1498(a). Cf. id. In addition, a patent infringement claim based on actions in January 2006 would appear to be barred by the court's six-year statute of limitations, see supra Part II.A (describing the court's statute of limitations), because plaintiff filed his Complaint nearly seven years later, in January 2013, see generally Compl. (showing filing date of January 14, 2013).

Because plaintiff's Motion does not propose to amend his Complaint to add any new jurisdictional basis that would affect the outcome of this Opinion, the court concludes that amendment would not be in the interest of justice. Cf. RCFC 15(a)(2) ("The court should freely give leave [to amend the pleadings] when justice so requires."). Accordingly, plaintiff's Motion is DENIED.

B. Jurisdiction

Plaintiff invokes 28 U.S.C. § 1491, 28 U.S.C. § 1361 and 35 U.S.C. § 156 as bases of this court's jurisdiction. Compl. ¶ 1. Defendant argues that "[n]one of the cited statutes provides a basis for jurisdiction in this court" and that, therefore, "dismissal under RCFC 12(b)(1) is appropriate." Def.'s Mot. 6-7. Defendant is correct.

First, as defendant correctly points out, see Def.'s Mot. 7, the first statute invoked by plaintiff is the Tucker Act, 28 U.S.C. § 1491, see Compl. ¶1. The court's jurisdiction pursuant to the Tucker Act is proper only if the plaintiff has identified a separate money-mandating source. Jan's Helicopter Serv., Inc., 525 F.3d at 1306; see Testan, 424 U.S. at 398 (stating that "[t]he Tucker Act is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages"). Neither of the other two statutes invoked by plaintiff constitutes a money-mandating source, nor do they provide this court with any other jurisdictional basis.

The first of the other two statutes invoked by plaintiff, 28 U.S.C. § 1361, provides in its entirety: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). As defendant correctly argues, see Def.'s Mot. 8, "[t]he Court of Federal Claims is not a district court of the United States," Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam). Accordingly, this statutory provision fails to vest the court with authority to hear plaintiff's claim. Moreover, the type of relief contemplated by the provision--mandamus--involves "compel[ling] an officer or employee of the United States or any agency thereof to a perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This provision does not "create[] [a] right to money damages," cf. Jan's Helicopter Serv., Inc., 525 F.3d at 1306, nor does plaintiff appear to seek money damages under this provision, see Compl. 5 (seeking relief in the form of a court "order requiring [the

6

agency] to provide substantive evidence or proof that enhanced brake light systems may . . . increase crash risk, or in the absence of such evidence or proof, to rescind [its] prohibition" (internal quotation marks omitted)).

Next, 35 U.S.C. § 156, also invoked by plaintiff, provides for the extension of a patent term under certain circumstances. See 35 U.S.C. § 156. This statute does not contain a provision for judicial review in this or any other court of the administrative decision as to whether a patent term will be extended; in other words, the statute does not provide this court with a jurisdictional basis. See id. Further, as defendant correctly notes, see Def.'s Mot. 9, the patent extensions as to which this statute pertains are limited to those for products including any "drug product[]" or "[a]ny medical device, food additive, or color additive subject to regulation under the Federal Food, Drug, and Cosmetic Act." Id. § 156(f)(1) (defining "product"). The subject of the '221 patent, an automatic system to activate automobile hazard warning lights, is not a "product" covered by this statute. Cf. id. Further, even if it were, the statute is not money-mandating because it does not "create[] [a] right to money damages," cf. Jan's Helicopter Serv., Inc., 525 F.3d at 1306, nor does plaintiff appear to seek money damages under this provision, see Compl. 5 (seeking relief in the form of a court "order requiring the United States Patent and Trademark Office to extend the term of" the '221 patent).

Although plaintiff does not specifically plead the Highway Safety Act of 1970 as a basis of this court's jurisdiction, see Compl. ¶ 1 (asserting only the three statutory provisions discussed above as the bases for this court's jurisdiction), he "avers that the National Highway Traffic Safety Administration is exceeding the authority granted it under the Highway Safety Act of 1970," id. ¶ 16. The Highway Safety Act of 1970 established the agency and provided that the Secretary of the Department of Transportation would carry out through the agency certain provisions of the Highway Safety Act of 1966 "for highway safety programs, research and development" and the provisions of the National Traffic and Motor Vehicle Safety Act of 1966. Highway Safety Act of 1970, Pub. L. No. 91-605, § 202(a), 84 Stat. 1739, 1739-40. The Highway Safety Act of 1970 does not contain a provision for judicial review, nor is it money mandating. See generally id. at 84 Stat. 1739-43.

In plaintiff's own words, plaintiff's suit amounts to a claim that, by prohibiting automatic brake light systems such as that covered by the '221 patent, the government has "disregard[ed] the findings and conclusions of [numerous car makers] along with other evidence, including its own internal studies"--in favor of the agency's allegedly "unfounded assumption that an automatic hazard warning system may be confusing to some drivers and . . . increase crash risk." Pl.'s Resp. 1 (internal quotation marks omitted). In its Reply to plaintiff's Response, defendant suggests that plaintiff's arguments against the rationale of the agency's policies "essentially seek[] an Administrative Procedure Act (APA)-type review." Def.'s Reply 2; see id. (quoting Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993) for the proposition that "the

'Claims Court has no authority to invoke the APA'"). Plaintiff objects to this argument on the basis that it was raised for the first time in defendant's Reply. See Pl.'s Mot. 1; cf. United States v. Ford Motor Co., 463 F.3d 1267, 1276 (Fed. Cir. 2006) ("Arguments raised for the first time in a reply brief are not properly before this court."); Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief--they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."). The court need not and does not rely on defendant's suggested characterization of some of plaintiff's arguments.

The dispositive defect in plaintiff's Complaint--accepting as true plaintiff's factual allegations and drawing all reasonable inferences from those facts in plaintiff's favor, cf. Trusted Integration, Inc., 659 F.3d at 1163--is its failure to identify any basis for this court's jurisdiction, cf. 28 U.S.C. § 1491(a)(1) (describing this court's jurisdiction); Jan's Helicopter Serv., Inc., 525 F.3d at 1306 (requiring that, with respect to this court's jurisdiction pursuant to the Tucker Act, a plaintiff must satisfy the court that "a separate source of substantive law . . . creates the right to money damages" (internal quotation marks omitted)). Accordingly, plaintiff has failed to meet his burden of showing this court's jurisdiction by a preponderance of the evidence. Cf. McNutt, 298 U.S. at 189; Taylor, 303 F.3d at 1359.

Because the court finds that it lacks jurisdiction over plaintiff's claims, defendant's Motion is GRANTED. See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

C. Transfer to Another Court

For the following reasons, the court concludes that transfer of plaintiff's claims to another court is not in the interest of justice. Cf. 28 U.S.C. § 1631 (stating that "the court shall, if it is in the interest of justice, transfer [a case over which it lacks jurisdiction] to any other such court in which the [case] could have been brought at the time it was filed or noticed"); id. § 601 (defining "courts" to which transfer is permissible).

First, to the extent that plaintiff seeks mandamus under 28 U.S.C. § 1361, see Compl. ¶ 1 (invoking 28 U.S.C. § 1361); id. at 5 (requesting that the court order the agency "to provide substantive evidence or proof that enhanced brake lighting systems . . . increase crash risk, or, in the absence of such evidence or proof, to rescind [its] prohibition against enhanced brake light systems" and, if the prohibition is rescinded, that the court also order the United States Patent and Trademark Office to extend the '221 patent "for a period of time commensurate with time lost as a result of the . . . prohibition" (internal quotation marks omitted)), plaintiff has identified no basis in the pleadings upon which a district court could conclude that the agency or the United States Patent and Trademark Office owes any such duty of performance to plaintiff, cf. 28 U.S.C. § 1361 (granting jurisdiction to district courts to "compel an officer or employee

8

of the United States or any agency thereof to perform a duty owed to the plaintiff"); Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004) (stating that mandamus pursuant to 28 U.S.C. § 1361 "is a drastic and extraordinary remedy reserved for really extraordinary causes" (internal quotation marks omitted)). Further, to the extent that plaintiff asserts a claim for extension of the '221 patent pursuant to 35 U.S.C. § 156, see Compl. ¶ 1 (invoking 35 U.S.C. § 1361), as discussed above, this statute does not contain a provision for judicial review, nor does it pertain to the '221 patent, see supra Part III.B. Transfer of this case is therefore inappropriate because the court cannot discern from the pleadings any cognizable claim upon which relief could be granted by another court.

IV.   Conclusion

For the reasons stated, defendant's Motion is GRANTED. The Clerk of Court SHALL ENTER JUDGMENT for defendant. No costs.

IT IS SO ORDERED.

EMILY C. HEWITT
Chief Judge